UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MATHEW NADOLSKI, <br> as Personal Representative <br> of the Estate of <br> MELISSA PUZA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID LAIN, Porter County <br> Sheriff; MICHAEL HUNNICUT; <br> PORTER COUNTY BOARD <br> OF COMMISSIONERS; and <br> PORTER COUNTY <br> SHERIFF'S DEPARTMENT, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 2:07-CV-164 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss Plaintiff's Complaint filed by defendants David Lain, the Porter County Sheriff ("Lain") and the Porter County Board of Commissioners ("Board of Commissioners") on June 20, 2007.[1] Plaintiff Mathew Nadolski, as Personal Representative of the Estate of Melissa Puza ("Nadolski") filed a response in opposition to the motion on July 5, 2007, and the defendants filed a reply on July 13, 2007. For the reasons discussed herein, the court hereby converts the motion to dismiss to a motion for

---

[1] Defendant Michael Hunnicut did not join in the present motion. Also, while the caption of the motion includes the "Porter County Sheriff's Department" as one of the movants, defendants concede in their reply brief that this inclusion was "inadvertent" and the Sheriff's Department does *not* seek dismissal of Plaintiff's claims against it at this time. Reply Memorandum of Defendants, David Lain and the Porter County Board of Commissioners in Suppport of their Motion to Dismiss ("Defendants' Reply"), Docket at 21, p. 1, n. 1. Accordingly, the only defendants joining in the present motion are David Lain (in both his official and individual capacities) and the Porter County Board of Commissioners.

partial summary judgment, and the motion is GRANTED.

## BACKGROUND

This case arises out of the tragic death of Melissa Puza. On July 24, 2006, Ms. Puza died while she was detained in the Porter County Jail located in Valparaiso, Indiana. Complaint, Docket at 1. Ms. Puza was only 29 years old at the time of her death. Plaintiff's Response to Motion to Dismiss ("Plaintiff's Response"), Docket at 17, p. 2. Ms. Puza was arrested on July 23, 2006, on charges of possession of a controlled substance, possession of drug paraphernalia, and criminal trespass. *Id.* During the process of being booked into the jail, Ms. Puza was searched and a lighter, "crack pipe," and small amount of "crack" cocaine were found in her pants. *Id.*; see also, Plaintiff's Exhibit B (Porter County Sheriff's Department Incident Report). Because she was arrested for possession of drugs and because drugs were found on her person during the jail intake procedure, the jail officers noted that Ms. Puza "will be observed for withdrawals due to reason of arrest." *Id.*; see also, Plaintiff's Exhibit C (Medical Receiving form). Ms. Puza was then placed in a holding cell. Approximately 18 hours later, Ms. Puza's cell mates informed jail personnel that Ms. Puza was vomiting. *Id.* Jail personnel talked to Ms. Puza and moved her to the jail's medical unit. *Id.*, p. 3. At approximately 8:15 p.m. on July 24, defendant Michael Hunnicut, a Porter County jail officer, observed Ms. Puza lying face down on the floor, but apparently noticed "chest movements" indicating that she was alive and breathing. *Id.*; see also, Plaintiff's Exhibit F (Incident Report of Detective Tim Manteuffel). However, when Officer Hunnicut checked on Ms. Puza at approximately 10:00 that evening, he saw that Ms. Puza was lying in the same position but he did not notice any chest movements. *Id.* Hunnicut went into the cell, called for assistance from another officer, and administered CPR to

2

Ms. Puza until emergency medical personnel arrived. *Id*. Ms. Puza was transported to the Porter Valparaiso Hospital, but was already deceased. *Id*. An autopsy was conducted on July 26, 2006, and the cause of death was determined to be "cocaine toxicity." Plaintiff's Exhibit H (Postmortem Examination Final Report).

On May 1, 2007, Mathew Nadolski, the Personal Representative of the Estate of Melissa Puza, filed a Complaint against the defendants in the Porter County Superior Court. Complaint, Docket at 1. Nadolski alleges that Ms. Puza's death was the result of alleged violations of her constitutional rights under the 8th and 14th Amendments. *Id*., pp.3-4. Since Nadolski alleged violations of federal law, and since he utilized 42 U.S.C. § 1983 as the vehicle through which to bring his claims, the defendants removed the case to this court on May 18, 2007, pursuant to 28 U.S.C. §§ 1441 and 1446. Notice of Removal, Docket at 2. Nadolski has also asserted state law claims against the defendants under the Indiana Survival Statute, I.C. § 34-9-3-1, *et seq*., on behalf of Ms. Puza's four minor children. See Complaint, p. 5.

## SUMMARY JUDGMENT STANDARD

When the defendants filed their motion to dismiss, which was filed pursuant to Fed.R.Civ.P. 12(b)(6), they attached several items of documentary evidence, including an affidavit executed by defendant Lain. Motion to Dismiss, Docket at 15, Affidavit of Sheriff David Lain. In his response in opposition to the motion, Nadolski attached numerous documents himself, including incident reports prepared by officers with the Porter County Sheriff's Department as well as autopsy and laboratory reports. It is well established that "[w]hen a defendant makes a [Fed.R.Civ.P.] 12(b)(6) motion and refers to matters outside the pleading, the court may convert the motion to a motion for summary judgment and analyze the evidence under

3

the standard of [Fed.R.Civ.P.] . . . 56." *Daley v. Gorajec*, 2007 WL 2286132 * 3 (S.D. Ind. August 7, 2007) (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).  The relevant portion of Rule 12 states as follows:

> If on a [12(b)(6)] motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b).  Thus, "[a] court has two options when matters outside the pleadings are presented on a motion under [Rule] 12(b)(6): exclude consideration of the matters outside the pleadings or convert the motion to one for summary judgment."  *Daley*, 2007 WL 2286132 * 4.

In the present case, both sides have presented evidence outside the pleadings.  In fact, Nadolski submitted several more documents with his response brief than defendants submitted with their motion.  The court, then, could simply exclude all of these documents and proceed to analyze the present motion under the standard for a motion to dismiss, or may consider the documents submitted by the parties and rule on the motion as one for summary judgment.  In this case, the outcome is the same either way.  That is, the defendants prevail.  The documents submitted, however, are worthwhile as they provide documentary evidence to support certain legal arguments.  They also aid the court in understanding the factual background of the case.  For these reasons, the matters outside the pleadings will be considered and the defendants' motion to dismiss will be converted to one for summary judgment.[2]  More precisely, the motion

---

[2] While Fed.R.Civ.P. 12(b) states that a court, when converting a motion to dismiss to a motion for summary judgment, shall give the parties a "reasonable opportunity to present all material made pertinent to such a motion," the court determines that any further briefing in this case would be a waste of the parties' and the court's resources.  The briefs and exhibits already

4

is a motion for *partial* summary judgment, since it does not dispose of all claims against all defendants, as will be discussed below.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552-53 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 2512; *In Re Matter of Wildman*, 859 F.2d 553, 557 (7th Cir. 1988); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir. 1988); *Valentine v. Joliet Township High School District No. 204*, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v.*

---

before the court are quite sufficient to present the parties' respective arguments and permit resolution of the motion for summary judgment.

5

*Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Goka v. Bobbitt*, 862 F.2d 646, 649 (7th Cir. 1988); *Guenin v. Sendra Corp.*, 700 F. Supp. 973, 974 (N.D. Ind. 1988); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960 (1983).

In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson*, 477 U.S. at 249-251, 106 S. Ct. at 2511. However, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank*, 704 F.2d 361, 367 (7th Cir. 1983).

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Id.* 477 U.S. at 248, 106 S. Ct. at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The

issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S. Ct. at 1356; *First National Bank of Cicero v. Lewco Securities Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252, 106 S. Ct. at 2512.

## DISCUSSION

In their motion, defendants ask the court to enter judgment in favor of defendants Lain and the Porter County Board of Commissioners. They contend that these defendants are improper parties in the first place and/or cannot be held liable for plaintiff's alleged claims as a matter of law.

**1. Motion by Porter County Board of Commissioners.**

As for the Porter County Board of Commissioners, it is argued that the commissioners "are an improper party in this matter as they have no control over the acts of the County Sheriff and its officers." Motion, p. 2. Nadolski concedes this point. In his response brief he states simply that "Plaintiff's [sic] concur that the Complaint should be dismissed as to defendant, Porter County Board of Commissioners." Plaintiff's Response, p. 4. As stated above, this is an action brought pursuant to 42 U.S.C. § 1983. The Board of Commissioners argued that because it had no control over the Porter County Sheriff's Department, and no involvement in the incident giving rise to this lawsuit, it was not a proper party to the action. Defendants'

7

Memorandum, pp. 2-3.  The Board of Commissioners stated in addition that it "cannot be held liable . . . under a *respondeat superior* theory."  *Id*., (citing *Argandona v. Lake County Sheriff's Department* 2007 WL 518799 *3 (N. D. Ind., Feb. 13, 2007)).  Finally, the Board notes that "there is no evidence that there was a denial or delay in treatment for the Plaintiff's Decedent due to a lack of funding.  Therefore, the Defendant, Porter County Board of Commissioners is entitled to dismissal of Plaintiff's Complaint as a matter of law on all § 1983 issues and state law claims."  *Id*., p. 3.  Accordingly, the motion for partial summary judgment is granted as to the Porter County Board of Commissioners, and all of Plaintiff's claims, state and federal, asserted against the Board are dismissed with prejudice.

    **2.  Motion by David Lain.**

        **A.  Official Capacity Claim.**

Nadolski sued Lain in both his individual and official capacities.  See Complaint.  Lain was the Sheriff of Porter County at the time the lawsuit was filed.  He was not, however, the county Sheriff at the time of the incident that is the basis of this lawsuit.  Since Nadolski named the Porter County Sheriff's Department itself as a defendant, Lain argues that any claim against him in his official capacity is redundant.  Defendants' Memorandum, p. 2.  Citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) and *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 n. 59 (1978), Lain states that "there is no longer a need to bring official capacity actions against local government officials because the local government itself can be sued directly for damages and injunctive or declaratory relief.  Therefore, the official capacity claims against Porter County Sheriff David Lain should be dismissed."  *Id*., p. 3.

8

Nadolski responds to this long-established legal principle by arguing that "[u]nder F.R.C.P. 25(d)(1), 'When a public officer is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party.'" Plaintiff's Response, p. 4. This statement is true insofar as it goes, but Rule 25 does not change the more fundamental fact that naming Lain in his official capacity as Sheriff of Porter County is redundant since the Sheriff's Department itself was also named as a defendant. Nadolski's argument does not really address the point Lain is making, which is that it is simply not necessary for plaintiff to sue Lain, in his official capacity, *and* sue the Porter County Sheriff's Department itself as well. In other words, Lain, in his official capacity, and the Porter County Sheriff's Department, are one in the same. A dismissal of Nadolski's claims against Lain in his official capacity has no substantive impact on his case, since the Porter County Sheriff's Department is still a named defendant and does not seek judgment or dismissal in the present motion. Accordingly, the motion for partial summary judgment is granted as to David Lain in his official capacity as Sheriff of Porter County. The Porter County Sheriff's Department, on the other hand, obviously remains as a defendant.

### B. Individual Capacity Claim.

As for any claim or claims asserted against Lain in his *individual* capacity, defendant argues that those should also be dismissed since there is no evidence that Lain personally participated in any of the events leading up to or allegedly resulting in the death of Ms. Puza. In fact, Lain states in his affidavit that he was not even appointed Sheriff of Porter County until January 1, 2007. Defendants' Memorandum, Lain Affidavit, ¶ 4. He states that "[f]rom the time period of July 23, 2006 through July 24, 2006, I was employed as the Deputy Chief of Porter

County[.]" and that he "had no involvement with the arrest, booking or processing of the Plaintiff's Decedent, Melissa Puza." *Id.*, ¶¶ 5-6. Finally, Lain states that he "was unaware of the arrest, booking, processing of . . . [Ms.] Puza, as I was not employed at the Porter County Jail[.]" and that "I have never seen nor had any other contact with . . . [Ms.] Puza and cannot attest to any of the events as alleged in the Plaintiff's Complaint." *Id.*, ¶¶ 7-8.

Nadolski does not dispute the recitation of facts in Lain's affidavit. Instead, he again argues that Fed.R.Civ.P. 25(d)(1) provides that Lain is a proper party defendant since he was the duly appointed Sheriff of Porter County at the time the lawsuit was filed. However, as Lain points out in his reply brief, an accurate reading of the provisions of Rule 25 indicates that it applies to substitution of a public officer only when that public officer "is a party to an action *in his official capacity*." Fed.R.Civ.P. 25(d)(1) (italics added). The Rule does not provide Nadolski with an avenue or means by which to bring suit against Lain in his individual capacity, given that he does not dispute the fact that Lain had no personal involvement whatsoever in the events leading up to Ms. Puza's death. In his response brief, Nadolski presents and discusses evidence he argues supports his claims that Ms. Puza's constitutional rights were violated while she was detained in the Porter County Jail. Plaintiff's Response, pp. 4-10. Most of this evidence pertains to the policies (or alleged lack thereof) of the Porter County Sheriff's Department in the operation of the Porter County Jail.[3] More specifically, the evidence purports to support that Ms.

---

[3] As stated earlier in this Order, the Porter County Sheriff's Department itself did not join in the present motion. As a general rule, a governmental entity such as a county sheriff's department, cannot be sued under 42 U.S.C. § 1983 since it is not a "person" as that term is defined in the statute. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). However, there is an exception to this rule. Liability may attach to a county or municipal entity, such as a sheriff's department, when a plaintiff can show "deliberate action attributable to the [entity] directly caused a deprivation of federal rights." *Frake v. City of Chicago*, 210 F.3d 779,

Puza's death was the result of reckless and/or deliberate indifference on behalf of the Department and defendant Hunnicut.  *Id.*  However, while this evidence may indeed be relevant to Nadolski's claims against the Porter County Sheriff's Department, they do not support an individual capacity claim against Lain.  It is well established, as Lain points out, that "[t]o establish personal liability in a § 1983 action, the plaintiff must show that the official acting under color of state law caused the deprivation of a federal right."  Defendants' Brief, p. 4 (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  Absent evidence that an individual official *personally* participated in the deprivation of a federal right, there can be no individual capacity claim under § 1983.  *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997) ("to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct[.]").  Since Nadolski does not allege any such personal involvement on the part of Lain nor dispute that fact that Lain was not even the Porter County Sheriff at the time of Ms. Puza's arrest, detention and death, he cannot maintain a personal capacity claim against him.  *Id.*  Accordingly, summary judgment is granted in favor of Lain on the individual capacity claims asserted against him.

---

781 (7th Cir. 2000).  "A [governmental entity] violates the Constitution when it has an unconstitutional custom or policy."  *Taylor-Hudgins v. Spurgeon, et al.*, 2004 WL 828093 *5 (citing *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000)).  In this case, Nadolski has, in fact, alleged in his Complaint that the Porter County Sheriff's Department either adopted inappropriate policies or failed to adopt policies for monitoring inmates and providing proper medical care for inmates in Ms. Puza's situation.  See Complaint, pp. 2-4.  Consequently, an action under 42 U.S.C. § 1983 is sustainable against the Porter County Sheriff's Department at least at this point in the case.

## CONCLUSION

For the reasons discussed herein, the Motion to Dismiss filed by Defendants David Lain, Sheriff of Porter County, and the Porter County Board of Commissioners is CONVERTED to a Motion for Partial Summary Judgment.  As such, the motion is GRANTED as to defendant David Lain, in both his official and individual capacity, and GRANTED as to defendant Porter County Board of Commissioners.  The Clerk is directed to enter judgment in favor of David Lain and the Porter County Board of Commissioners and against plaintiff Mathew Nadolski.

This case remains pending on all of the claims asserted by plaintiff against defendants Michael Hunnicut and the Porter County Sheriff's Department.

Dated: August 24, 2007

    /s/   William C. Lee
William C. Lee, Judge
United States District Court